UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                            CRIMINAL ACTION

VERSUS                                                      NO. 13-241

VANDALE THOMAS                                         SECTION "K"

### ORDER AND REASONS

Before the Court is the Government's Memorandum of Law Regarding the Introduction of Summary Testimony (Doc. 32) to which the defendant filed the Defendant's Opposition to Government's Introduction of Summary Evidence and Testimony. (Doc. 43) The Court will treat this latter filing as an Objection to the Introduction of Summary Testimony which the Court **OVERRULES** for the reasons that follow.

The Government notified defendant of its intent to use "summary or pedagogical charts" as presented in Government Exhibits 1-5 (Doc. 32-1, pp. 1-5) which were attached to the subject pleading, and it has provided all underlying data to support the summary testimony. The testimony to be elicited concerning this summary evidence is that of Brent McDougall ("McDougall") from the Office of the Louisiana Legislative Auditor ("LLA") who is a Forensic IT Audit Coordinator and Investigative Auditor for the LLA and is a Certified Fraud Examiner. He will be called to testify by the Government. The Government maintains:

> McDougall has reviewed a voluminous amount of Traffic Court invoices, checks, accounts receivables, rule and regulations, and he has conducted numerous interviews of the employee and judges of Traffic Court."
> In addition, Mr. McDougall has reviewed employment invoices, payroll statements and checks related to defendant Vandale Thomas obtained during the LLA's audit of Traffic Court. Based on Mr. McDougall's review of defendant's invoices, statements, and Checks, Mr. McDougall prepared the attached five (5) charts. All of the underlying records used by Mr. McDougall to prepare Exhibits 1-5 have been produced to defendant pursuant to Rule 16 of the Federal Rules of Criminal Procedure and are legally admissible.

(Doc. 32 at 2 of 7).  Thus, the Government intends to introduce the subject charts through the testimony of Mr. McDougall.

Defendant argues that the exhibits attached to the Government's pleading and sought to be introduced "may not accurately reflect the content of the original materials."  Moreover, defendant contends that these charts "imply conclusions of what the document represent rather than simply summarizing their content."  In addition, defendant objects to McDougall "analyzing any testimony."

**Analysis**

Federal Rule of Evidence 1006 provides in relevant part, "The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings or photographs that cannot be conveniently examined in court.  The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place."

As stated in *United States v. Winn*, 948 F.2d 145, 159 (5th Cir. 1991), for the introduction into evidence of summary evidence, the Government must establish at trial that:

> (1) the charts are based on competent evidence before the jury; (2) the primary evidence used to construct the charts is available to the other side for comparison in order that the correctness of the summary may be tested; (3) the person who prepared the charts is available for cross-examination; and (4) the jury is properly instructed concerning their consideration of the charts.

*United States v. Winn,* 948 F.2d 145, 159 (5th Cir. 1991) citing *United States v. Goodwin*, 470 F.2d 893, 899 (5th Cir. 1974), *cert. denied, 411 U.S. 969 (1973; McDaniel v. United States*, 343 F.2d 785 (5th Cir.), *cert. denied*, 382 U.S. 1965).

Given that the defendant has not disputed that (1) the Government provided the original materials to him, (2) that the materials are indeed voluminous, and (3) that the summaries have been provided in a timely manner (indeed no later than September 10, 2014), the Government has complied with letter of the rule. It appears to the Court that these charts simply entail the results of mathematical equations and do not contain "expert opinion" that would fall under Fed. R. Evid. 702. Moreover, given that these materials have been provided timely, it is incumbent on the defendant to specifically point to actual inaccuracies, and not indulge in rank speculation. Accordingly,

**IT IS ORDERED** that the Objection (Docs. 32 and 43) is **OVERRULED** provided that the proper foundation that the charts are based on competent evidence and that Brent McDougall is available for cross-examination, and the Court will instruct the jury concerning their consideration of the charts. *United States v. Winn*, 948 F.2d 145, 159 (5th Cir. 1991).

New Orleans, Louisiana, this 3rd day of October, 2014.

**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**