UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS                                                             NO. 13-241

VANDALE THOMAS                                              SECTION "K"

## ORDER AND REASONS

Before the Court is Government's Notice of Intent to Use Evidence (Doc. 33) and Defendant's Opposition to Government's Notice of Intent to Use of Evidence. (Doc. 44). The Government by this pleading provided notice that it intends to introduce evidence of other similar acts allegedly committed by the defendant one to three years prior to the acts alleged in the indictment. It states:

The government intends to introduce evidence related to Defendant Vandale Thomas's employment from January 2006 through October 2008. Specifically, during that time, the Defendant was employed by Pailet, Meunier & LeBlanc, LLP ("PML") and worked as a contractor for Nash Accounting and Tax Service ("Nash Accounting"). During that time frame, Thomas did accounting work for New Orleans Traffic Court (Traffic Court") through these two entities. The Government contends that Thomas inflated and duplicated invoices to Traffic Court for work done through PML and Nash Accounting which resulted in fraudulent payments to the Defendant.

Thus, the Government contends that this evidence is admissible as "intrinsic evidence" and is beyond the reach of Fed. R. Evid. 404(b). Alternatively, it maintains that it is admissible as under Rule 404(b). It maintains that it is admissible to prove opportunity, intent, plan, knowledge, absence of mistake, and lack of accident in Thomas's over billing of Traffic Court.

As the Court has noted previously, "evidence of acts other than conduct related to the offense is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged. *United States v. Impastato*, 535 F. Supp.2d 732, 736 (E.D. La. 2008) citing *United States v. Yi,* 460 F.3d 623, 632 (5th Cir.). As such, intrinsic evidence is generally admissible "so that the jury may evaluate all the circumstances under which the defendant acted." *Impastato*, 535 at 736 citing *United States v. Royal*, 972 F.2d 643, 647 (5th Cir. 1992). Otherwise, if the evidence is extrinsic to the crime charged Rule 404(b) is implicated. The Court finds that this evidence is not intrinsic in nature and must turn to Rule 404(b).

Rule 404(b) of the Federal Rules of Evidence provides in relevant part:

> **(b) Crimes, Wrongs, or Other Acts**
>
> **(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) **Permitted Uses; Notice in a Criminal Case.**
> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan knowledge identity, absence of mistake or lack of accident.

Evidence that is extrinsic to the alleged crimes thus may be admitted, but only after being qualified under the two-step test prescribed in *United States v. Beechum*, 582 F.2d 989, 922 (5th Cir. 1948). Under *Beechum*, "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of [R]ule 403," *Id.* Relevant evidence is that which "(a) has any tendency to

2

make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Here, clearly the defendant's intent is at the heart of this criminal matter, and evidence of acts . As stated in *United States v. Crawley*, 533 F.3d 349 (5th Cir. 2008):

> Whether evidence of an extrinsic offense is relevant to the issue of intent–as opposed to being inadmissible character evidence–is determined by comparing the defendant's state of mind in perpetrating the respective offenses. *United States v. Gordon*, 780 F.2d 1165, 1173-74 (5th Cir. 1986) ("A finding that the offenses involved the same state of mind renders the extrinsic offense relevant to an issue other than character because it lessens the likelihood that the defendant acted with lawful intent in connection with the charged offense."). Moreover , there is no requirement that the prior bad act resulted in formal charges. *United States v. Gonzalez-Lira*, 936 F.2d 184, 189 (5th Cir. 1991). The Government need only provide "*some evidence* that the defendant committed the prior bad act." *Id.* at 189-90 (emphasis in original).

*Id* at 354.

The prior bad acts that the Government seeks to admit meets this standard. So the Court will turn to the second prong of the *Beechum* test, that is whether the probative value of it outweighs the danger of unfair prejudice to the defendant, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. The Court finds that this information has distinct probative value that clearly outweighs any unfair prejudice to the defendant or any of the other considerations outlined above. This evidence speaks directly to intent, as well as any claim of mistake or accident by the Defendant, in addition to Defendant's knowledge of the workings of Traffic Court. Accordingly,

**IT IS ORDERED** that the extrinsic evidence sought to be introduced as outlined in Doc. 33 and objected to in Doc. 44 shall be allowed in pursuant to Rule 404(b)(2) and the Objection contained in Doc. 44 is **OVERRULED**.

New Orleans, Louisiana, this 3rd day of October, 2014.

                                              **STANWOOD R. DUVAL, JR.**
                                **UNITED STATES DISTRICT COURT JUDGE**