UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                        CRIMINAL ACTION

VERSUS                                                                            NO.  13-241

VANDALE THOMAS                                                      SECTION "K"

ORDER AND REASONS

Before the Court is a Motion for Preliminary Order of Forfeiture (Doc. 80) by which the United States moves the Court for an Order of Forfeiture in the form of a personal money judgment against defendant Vandale Thomas.  Having reviewed the briefs, the law and the evidence introduced at trial and finding no need for oral argument, the Court now issues this Preliminary Order of Forfeiture.

I.  PROCEDURAL HISTORY

On November 1, 2013, a grand jury empaneled in the Eastern District of Louisiana a twelve count Indictment (Rec. Doc. 1) against defendant Vandale Thomas ("Thomas").  In connection with his dealings with the City of New Orleans by and through New Orleans Traffic Court ("Traffic Court"), Thomas was charged with Theft Concerning Programs Receiving Federal Funds, 18 U.S.C. § 666(a)(1)(A) (Counts 1-3), Money Laundering 18 U.S.C. § 1957 (Counts 4-6), and Structuring Transactions to Evade Reporting Requirements, 31 U.S.C. § 5324(a)(3) (Counts 7-11).[1]  These charges arose out of gross over-billing for services provided by Thomas when he performed accounting services for Traffic Court and served from November 2008 through December 2011 as its Chief Financial Officer and the actions he took to conceal

---

[1] The Court notes initially Thomas faced a 12 count indictment with another charge of Structuring to Evade Reporting Requirements (original Count 10) which was dismissed prior to trial.

his defalcations.  The Indictment contained notices of forfeiture pursuant to Fed. R. Crim P. 32.2(a)  as to each of these charges placing the defendant on notice of the United States' intent to seek the forfeiture of assets acquired through or involved in the crimes charged in the indictment; however, as concerns the motion before the Court, the salient notice concerns the Notice of Federal Program Fraud Forfeiture brought pursuant to the provisions of 18 U.S.C. § 666 and 981(a)(1)(C) made applicable through 28 U.S.C. 2461(c).  The amount sought in this notice is $1,311,065.53.  (Doc. 1 at pp. 12-13 of 16); however, the United States seeks only $684,065.53 which it contends is amply supported by the record before the Court.

On October 10, 2014, Thomas was convicted on all 11 counts. (Rec. Doc. 59-1).  As required by Fed. R. Crim. P. 32.2(b)(5)(A), the Court specifically asked the parties whether either wished to retain the jury for a determination as to the forfeitability of assets.  (Doc. 69). By the consent of the parties, the Court found that it would resolve the issues relative to asset forfeiture.

**APPLICABLE FORFEITURE FRAMEWORK**

As stated by Judge Fallon in *United States v. St. Pierre*, 809 F.Supp.2d 538 (E.D. La. 2011):

> Criminal forfeiture of property related to certain crimes is mandated by statute and has a punitive purpose, unlike restitution. *See United States v. Taylor*, 582 F.3d 558, 565-66 (5th Cir. 2009) (citing *United States v. Webber*, 536 F.3d 584, 602-03) (7th Cir. 2008)).  Multiple overlapping statutes govern forfeiture. The Court must look to each count for which [a defendant] was convicted and identify the specific statutory basis for forfeiture setting forth the requisite nexus between the crime and any money or property connected to that crime that [a defendant] will be ordered to forfeit.  *See* Fed R. Crim P. 32.2(b)(1)(A).  The Government has the burden to prove that nexus by a preponderance of the evidence.  *United States v. Juluke* 426 F.3d 323, 326 (5th Cir. 2005).  The Court

> may rely on "evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the Court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B).

*Id.* at 541-42.

As previously noted, Thomas stands convicted, *inter alia,* on three counts of Federal Program Fraud violating 18 U.S.C. 666(a)(2)(A)(i)(ii), and the United States seeks the forfeiture of the proceeds of Thomas' actions for these specific defalcations for which a jury found him guilty beyond a reasonable doubt. The jury was presented with evidence of the minimum amounts for which Thomas over-billed and it is those amounts for which the United States seeks a money judgment.

The federal civil forfeiture statute, 18 U.S.C. § 981, applies to criminal cases pursuant to 28 U.S.C. §2461(c). *St. Pierre*, 809 F.Supp.2d at 542. Section 981(a)(1)(C) provides that "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of any offense constituting specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense" is subject to forfeiture to the United States. Section 1956(c)(7) (D) specifically includes section 666 relating to theft or bribery concerning programs receiving Federal funds.

The Court heard extensive testimony concerning the over-billing that occurred, and it is convinced that the amount that the United States seeks is amply supported in the record and is conservative in the amount sought. See Govt. Exh. 12 and the testimony of Brent McDougall of the Louisiana Legislative Auditor's Office (testified in detail of his investigation and audit of the Thomas run Traffic Court). Thus, Thomas billed for and received payment of $1,237,526.73 of which he **was not entitled to** and thus **committed theft** in the amount of $684,065.53 which is

3

the sum of $218,850.13 as to Count 1 (2009); $377,095.40 as to Count 2 (2010); and $88,120.00 as to Count 3(2011).

**PERSONAL MONEY JUDGMENT**

The defendant opposes this motion in that he maintains that there is no provision within the forfeiture statutes that entitles the United States to a personal money judgment in that amount.  It is clear to the Court that this issue has been highly debated among the courts of the United States.  *See  United States v. Croce*, 334 F.Supp.2d 781 (E.D.Penn. 2004); *United States v. Surgent*, 2009 WL 2525137 (E.D.N.Y. August 17, 2009).  However, the Court has determined that forfeiture in this instance is clearly mandated under the law, and  Rule 32.2 provides the procedure the Court **must** follow in entering a judgment of criminal forfeiture.  *United States v. Patel*, 2009 WL 1579526, *21 (W.D.La. June 3, 2009).

Pursuant to subsection (a) of Rule 32.2, the government must notify the defendant via the indictment that it intended to pursue a forfeiture judgment if defendant was found guilty of the crimes charged. As noted, this action was clearly taken by the government.  As the government seeks a personal money judgment from defendant, the Court, based on the evidence in the record, must determine the amount of money that defendant will be ordered to pay. Fed. R. Cr. P. 32.2(b)(1). Once the determination of the amount of property subject to forfeiture is made, the Court is **required** to "... promptly enter a preliminary order of forfeiture setting forth the amount of [ ... the] money judgment." Fed. R. Cr. P. 32.2(b)(2).

In *Patel*, the defendant was charged with 91 counts of health care fraud in violation of 18 U.S.C. § 1347 and one count of criminal forfeiture pursuant to 18 U.S.C. §982.  After being

convicted on 51 of those counts, the Court was faced with a motion for a judgment of forfeiture. Like the case at bar, the defendant did not dispute the amount subject to forfeiture, instead he contested the Court's ability to enter a "personal money judgment" against him. Patel relied on *United States v. Croce*, 334 F.Supp.2d 781 (E.D.Penn. 2004) and *United States v. Day*, 416 F.Supp.2d 79 (D.D.C. 2006) claiming that forfeiture proceeding are *in rem* actions not *in personam* actions, and thus were not permissible. The *Patel* court rejected this argument citing *See United States v. Day*, 524 F.3d 1361 (D.C.Cir.), *cert. denied* ⎯⎯ U.S. ⎯⎯, 129 S.Ct. 295, 172 L.Ed.2d 151 (2008) ("[T]he District Court erred in denying the Government's request for a money judgment [ ... as n]othing in the relevant statutes suggests that money judgments are forbidden. Rather, 'the open-ended nature of an order forfeiting the proceeds of an offense is implicit in both the mandatory nature of forfeiture and in the procedures Congress created for locating the forfeitable property itself, or for satisfying the forfeiture judgment with substitute assets.' "), and *United States v. Croce*, 209 Fed.Appx. 208 (3rd Cir.2006)("[The] statutory scheme does not restrict the District Court from issuing a forfeiture order in the full amount of the illegal proceeds, even where the full amount is not presently in the defendant's possession"); *See also United States v. Vampire Nation*, 451 F.3d 189 (3rd Cir.2006) (holding that a forfeiture order may take the form of a judgment for a specific sum of money equal to the proceeds of the offense); *United States v. Conner*, 752 F.2d 566 (11th Cir.1985) (recognizing that Congress "revised the concept of forfeiture" in making forfeiture part of the criminal penalty against the individual); *United States v. Casey*, 444 F.3d 1071 (9th Cir.2006); *United States v. Hall*, 434 F.3d 42 (1st Cir.2006) ( "[T]he government need not prove that the defendant actually has the forfeited proceeds in his possession at the time of convictions"). *See also United States v.*

*Olguin*, 643 F.3d 384 (5th Cir. 2011); *United States v. Haberman*, 338 Fed.App'x. 442 (5th Cir. 2009).

Thus, having considered the applicable jurisprudence, this Court finds that a "personal money judgment," as contemplated by Fed. R. Cr. P. 32.2, is permitted by the forfeiture statutes and defendant's arguments to the contrary must be rejected. Accordingly,

**IT IS ORDERED** that the Defendant, Vandale Thomas, shall forfeit to the Untied States the sum of Six Hundred Eighty-Four Thousand, Sixty-Five Dollars and Fifty-Three Cents ($684,065.53) pursuant to 18 U.S.C. 981(a)(1)(C) and 18 U.S.C. § 981(a)(1)(A).

**IT IS FURTHER ORDERED**, that, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), upon imposition of sentence on the Defendant, Vandale Thomas, this Preliminary Order of Forfeiture becomes final as to the Defendant, Vandale Thomas, subject to the terms pronounced at sentencing.

**IT IS FURTHER ORDERED** that because, the forfeiture consists of a money judgment against Vandale Thomas, no ancillary proceeding will follow. Fed. R. Crim. P. 32.2(c)(1).

**IT IS FURTHER ORDERED** that the United States District Court shall retain jurisdiction for the purpose of enforcing this order.

New Orleans, Louisiana, this 7th day of August, 2015.

                                        **STANWOOD R. DUVAL, JR.**
                              **UNITED STATES DISTRICT COURT JUDGE**